### *CANONGE* vs. *LOUISIANA STATE BANK.*

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The defendants are appellants from

If an agent for collection of a note does not know the residence of the endorser on the day after protest, but acquires a knowledge of it after, it is his duty to give notice.

Eastern Dist.
*March,* 1829.

CANONGE.
*vs.*
LOU. STATE
BANK.

a judgment by which they were decreed to pay the amount of a note lodged for collection with them by the appellee, they having neglected to give notice to the indorser, whereby the recourse against the latter was lost.

At the trial, their counsel objected to the admission in evidence of the judgment in favour of the endorser against the present appellees, as *res inter alios acta.*

This judgment was offered to establish *rem ipsam,* i. e. that the then plaintiff, the present appellee, had failed in his attempt against the indorser: Of this it was the best evidence

On the merits, the record shews that the notary of the bank called on the Monday following a Saturday on which the protest was made at the dwelling of the endorser, found the door shut and was informed he had removed, but could not learn where from the neighbors; he made two applications without success on the same day at other places: on the next, being informed of the new place of residence of the indorser, he sent notice there; but there was no evidence of its having been delivered. The appellee introduced a witness, who deposed the indorser might have been easily found on Monday.

Eastern Dist
*March* 1829,

CANONGE
*vs.*
LOU. STATE
BANK.

From this evidence the legal result is, that due diligence was used on Monday—for the oath of the notary, who swears to his inability to discover the residence of the endorser, and details the steps he took—outweigh the opinion of the plaintiff's witness who thinks the residence might easily have been discerned.

So the question is whether the notary having used diligence on Monday, there was any necessity for further steps afterwards in order to find the endorser's residence.

The protest must be made on the last of the three days of grace: that day is peremptory. If the party be not found at home, or his domicil cannot be then discovered, the protest is made and needs not to be renewed. The protest is to be given as soon as possible. Due diligence must be used on the day following that of the protest, and we do not know that it must be repeated; but if afterwards the endorser be met, or his residence discovered, he is entitled to notice.

In the present case, the notary appears to have been aware of this, for as soon as he discovered the endorser's residence he immediately sent notice there; but his duty was to *give*

not to *send* notice only—the appellant must shew that notice was *received*, for till then it

Canonge
*vs.*
Lou. State
Bank.

is not *given.*

It is therefore ordered, adjudged and decreed, that the judgment of the district court. be affirmed with costs.

*Mercier* for the plaintiff—*Seghers* for the defendant.